101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Ivan P., as parent & next friend of Lukas P., a minor child,
Plaintiff-Appellee,
v.
BOARD OF EDUCATION, a local education agency, Defendant-Appellant,
BOARD OF EDUCATION, a Connecticut public education agency
and Department of Education, a Connecticut public
education agency, Defendants.
 No. 94-9075.
 United States Court of Appeals, Second Circuit.
 June 7, 1996.
 
 APPEARING FOR APPELLANT: Andrew S. Turret, Bai, Pollock & Dunnigan, P.C., Bridgeport, CT.
 APPEARING FOR APPELLEE: Maria D. Stahl, law student, Jerome N. Frank Legal Services Organization, Inc., Yale Law School, New Haven, CT.
 D.Conn.
 AFFIRMED.
 Before LUMBARD, GRAAFEILAND and LEVAL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Plaintiff-appellee Ivan P. is the parent of Lukas P., a disabled school-aged child. Ivan brought this suit under the Individuals with Disabilities Education Act (the IDEA) against the defendants seeking reimbursement for expenses incurred in sending Lukas to private school. 20 U.S.C. § 1415(e)(2).
 
 
 4
 Lukas was born June 15, 1988. When Lukas was two years old, his parents (the Ps) contacted the defendant-appellant Westport Board of Education regarding educational services for their son. Westport, however, had no responsibility for educating Lukas until he reached age three.
 
 
 5
 On May 25, 1991, Westport presented a draft individualized education plan ("IEP") for the 1991-92 school year to the Ps. On May 30, 1991, the Ps' attorney wrote to Westport rejecting the IEP. The Ps then enrolled Lukas at the Foundation School, a private school for disabled children, at their own expense.
 
 
 6
 On December 6, 1991, the Ps' attorney contacted Westport to request a meeting to discuss Lukas' program. The Ps' attorney also informed Westport that the Ps were seeking funding for Lukas' placement at the Foundation School. The parties met in February of 1992 and continued discussions regarding Lukas' program through April of that year.
 
 
 7
 On April 24, 1992, Westport submitted a draft IEP to the Ps for the 1992-93 school year. The Ps rejected the IEP on May 7, 1992, and, on the following day, May 8, 1992, requested a hearing to seek reimbursement for the costs of Lukas' placement at the Foundation School for the summer of 1991 and the 1991-92 school year as well as funding for his continued placement there in the upcoming summer and school year.
 
 
 8
 A hearing was conducted by a state hearing officer. The hearing officer found that the IEP for the 1991-92 school year was inadequate, but found the program for the 1992-93 year to be appropriate. The hearing officer construed the relevant Connecticut statute as permitting reimbursement only for costs incurred after the request for a hearing. Conn. Gen.Stat. § 10-76d(e)(1). Thus, the hearing officer ordered reimbursement for expenses incurred between May 8, 1992 and the beginning of the 1992-93 school year.
 
 
 9
 Ivan filed suit in the District Court for the District of Connecticut, claiming the right to reimbursement for expenses incurred prior to his request for a hearing. Ivan agreed that the Connecticut statute precluded reimbursement for expenses incurred prior to the request for a hearing, but argued that it impermissibly restricted the courts' authorization to award relief as they deem appropriate under the IDEA. Both parties filed motions for summary judgment.
 
 
 10
 The district court granted Ivan's motion for summary judgment. It held, contrary to the interpretation offered by both parties, that the Connecticut statute did not prohibit reimbursement for expenses incurred prior to the request for a hearing, and thus did not conflict with the IDEA. In addition, the district court found that Ivan was entitled to reimbursement for the expenses incurred prior to the request for a hearing.
 
 
 11
 After ruling on the motions for summary judgment, the district court also awarded Ivan $17,406.69 as reimbursement for the cost of speech/language and occupational therapy provided outside the Foundation School.
 
 
 12
 Westport appeals arguing that the IDEA does not authorize reimbursement for expenses incurred prior to a request for a hearing. In addition, Westport challenges the district court's award of reimbursement for the speech/language and occupational therapy expenses.
 
 
 13
 Under the IDEA disabled children have the right to a "free appropriate public education." 20 U.S.C. § 1400(c). The IDEA requires states to devise procedures for parents to "present complaints with respect to any matter relating to the ... educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(1)(E). When a complaint has been received "the parents ... shall have an opportunity for an impartial due process hearing." 20 U.S.C. § 1415(b)(2). Parties dissatisfied with the result of the hearing, may file suit in state or federal court. 20 U.S.C. § 1415(e)(2). The court is authorized to "grant such relief as the court determines is appropriate." Id.
 
 
 14
 There is nothing in the IDEA, nor is there any persuasive decisional authority, which limits a court's authority to award reimbursement for expenses incurred prior to the parents' request for a hearing. Thus, we affirm the district court's grant of summary judgment for Ivan.
 
 
 15
 We note that on appeal Westport does not challenge the district court's interpretation of the Connecticut state statute to allow reimbursement for costs incurred prior to a request for a hearing. Although this interpretation of the Connecticut statute seems to us questionable, we do not consider the issue as it was not raised, briefed, or argued. Nor do we consider whether, if the Connecticut statute does prohibit such reimbursement, it conflicts with the IDEA.
 
 
 16
 Westport also argues that the district court erred in awarding reimbursement for the cost of speech/language and occupational therapy provided outside the Foundation School between September 1991 and May 8, 1992 because it claims that the Ps gave no indication to the hearing officer that they were seeking reimbursement for such costs. Westport contends that had the fact that Lukas was receiving services outside the Foundation School been disclosed, "it may have been considered by the hearing officer as evidence of the inadequacy of the Foundation School Program and changed the decision at the hearing that found the placement at the Foundation School to be appropriate."
 
 
 17
 This argument is meritless. The hearing officer found that the Foundation School did not offer direct occupational therapy services, but it did offer "consulting occupational therapy." Therefore, it appears that the hearing officer was aware that these services were being provided outside the Foundation School. Even were she not aware of this fact, the argument that such knowledge would have changed her assessment of the Foundation School's program is simply speculative. Moreover, requiring the Ps to present their claim for these expenses to the hearing officer would have been futile because these costs were incurred prior to their request for a hearing and the hearing officer did not believe the Connecticut statute allowed for reimbursement of such expenses.
 
 
 18
 The decision of the district court is AFFIRMED.